```
        IN THE UNITED STATES DISTRICT COURT
      FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                  JACKSON DIVISION
```

**MTW INVESTMENT FINANCING, LLC**                                              **PLAINTIFF**

VS.                                           CIVIL ACTION NO. 3:07-cv-611-WHB-LRA

**GREAT WESTERN CAPITAL CORPORATION OF**
**THE AMERICA'S, INC., and DWIGHT JENKINS**                                  **DEFENDANTS**

### ORDER

This cause is before the Court on the Motion of Plaintiff, MTW Investment Financing, LLC ("MTW") for Default Judgment against Defendant Great Western Capital Corporation of the America's, Inc. The Court has reviewed the record and finds:

(1) The Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332.

(2) A summons was issued by this Court on October 15, 2007. Defendant, Great Western Capital Corporation of the America's, Inc., was properly served with a copy of the Summons and Complaint by certified mail on or about October 18, 2007.

(3) Defendant, Great Western Capital Corporation of the America's, Inc., has not answered or otherwise responded to the Complaint.

(4) The Clerk's Entry of Default was entered on November 15, 2007.

(5) Through the subject Motion for Default Judgment, MTW seeks $117,740.86, which represents the principal amount of $98,800.00 that is owed on the Commercial Flat Rate Promissory Note entered by the parties, plus the interest accrued through October 15, 2007, the date on which this action was filed.[1] A copy of the Commercial Flat Rate Promissory Note is attached to the Motion for Default Judgment as Ex. A.  MTW also seeks prejudgment interest from October 15, 2007, to the date Final Judgment is entered and post-judgment interest.

Accordingly, the Court finds that the MTW is entitled to a default judgment pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure against Defendant, Great Western Capital Corporation of the America's, Inc., in the amount of $117,740.86, which is the principal balance owed on the Commercial Flat Rate Promissory Note entered by the parties, plus the interest accrued through October 15, 2007, the date on which this action was filed. The Court additionally finds that MTW is entitled to prejudgment and post-judgment interest.

MTW also seeks attorneys' fees in the amount of $2,681.19. Under the Commercial Flat Rate Promissory Note entered by the parties, Defendant, Great Western Capital Corporation of the

---

[1] The interest rate and default interest rate specified in the Commercial Flat Rate Promissory Note is 2.5% per month.

America's, Inc., "agree[d] to pay any and all reasonable fees and costs, including, but not limited to fees and costs of attorneys, ... which are incurred by [MTW] in collecting any amount due or enforcing any right or remedy under the Note."  <u>See</u> Mot. for Default J., Ex. A., ¶ 10.  Accordingly, the Court finds that MTW is entitled to recover reasonable attorneys' fees and costs incurred in this matter.

> The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.  This calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services.  The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed.  Where the documentation of hours is inadequate, the district court may reduce the award accordingly.

The United States Supreme Court has found:

<u>Hensley v. Eckerhart</u>, 461 U.S. 424, 432 (1983).  <u>See also</u> <u>Watkins v. Fordice</u>, 7 F.3d 453, 457 (5th Cir. 1993) ("To determine the [attorneys' fees] award amount, the court must first calculate the "lodestar" by multiplying the number of hours reasonably spent on the litigation times a reasonable hourly billing rate.").  Although counsel for MTW filed an affidavit in support of the claimed attorneys' fees, he did not provide any documentation evidencing the number of hours worked on this matter, or the rate at which those hours were billed.  The Court, therefore, is unable to award attorneys' fees at this time.

For the foregoing reasons:

IT IS THEREFORE ORDERED that the Motion of Plaintiff, MTW Investment Financing, LLC, for Default Judgment against Defendant Great Western Capital Corporation of the America's, Inc., [Docket No. 8] is hereby granted.

Plaintiff, MTW Investment Financing, LLC, is awarded $117,740.86 against Defendant, Great Western Capital Corporation of the America's, Inc., which represents the principal balance of $98,800.00 that is due and owing on the Commercial Flat Rate Promissory Note entered by the parties, plus the interest accrued through October 15, 2007, the date on which this action was filed.

Plaintiff, MTW Investment Financing, LLC, is awarded prejudgment interest at the rate of 2.5% monthly on the $98,800.00 that is due and owing under the Commercial Flat Rate Promissory Note entered by the parties from October 15, 2007, the date on which this action was filed, to the date on which Final Judgment is entered.

Plaintiff, MTW Investment Financing, LLC, is also awarded post-judgment interest at the currently prescribed federal rate on the $117,740.86 awarded and the prejudgment interest awarded from the date of Final Judgment until paid in full.

IT IS FURTHER ORDERED that entry of a Final Judgment in accordance with Rule 58 of the Federal Rules of Civil Procedure shall be delayed until the award of attorneys' fees is decided.

IT IS FURTHER ORDERED that if MTW Investment Financing, LLC, intends to pursue its claim for attorneys' fees incurred in this action, documentation evidencing the number of hours worked on this matter and the rate at which those hours were billed must be submitted to the Court on or before December 21, 2007.

SO ORDERED this the 12th day of December, 2007.

<u>s/ William H. Barbour, Jr.</u>
UNITED STATES DISTRICT JUDGE