```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                       JACKSON DIVISION
```

**MTW INVESTMENT FINANCING, LLC**                                    **PLAINTIFF**


**VS.**                                **CIVIL ACTION NO. 3:07-cv-611-WHB-LRA**


**GREAT WESTERN CAPITAL CORPORATION OF**
**THE AMERICA'S, INC., and DWIGHT JENKINS**                       **DEFENDANTS**


<u>**OPINION AND ORDER**</u>

This cause is before the Court on the Supplemental Motions of Plaintiff, MTW Investment Financing, LLC ("MTW"), for Attorneys' Fees and Costs ("Supplemental Motions").

The record shows that on December 12, 2007, this Court entered an Opinion and Order finding that MTW was entitled to a default judgment against Defendant, Great Western Capital Corporation of the America's, Inc. ("Great Western"). The Court additionally found that MTW was entitled to attorneys' fees and costs under the terms of the Commercial Flat Rate Promissory Note ("Note") entered by the parties. The Court, however, because it was not provided any documentation evidencing the number of hours worked on this matter, or the rate at which those hours were billed, was unable to award attorneys' fees or costs to MTW at that time.

MTW has now filed Supplemental Motions for Attorneys' Fees and Costs. For the following reasons, the Court finds that the Supplemental Motions must be denied at present.

First, as an exhibit to the Supplemental Motions, MTW has attached a "Detail Transaction File List" that provides, *inter alia*, the initials of the individuals who worked on this case, the number of hours worked, the rate at which the work was billed, and a brief description of the work performed. See Supplemental Mots., Ex. A.  The Court, however, was not provided any information regarding the identity or title of each of the persons whose initials appear on the Detail Transaction File List.  For example, the Court finds that the initials "CDV" appearing on the Detail Transaction File List likely refer to Clint D. Varderver who serves as counsel for MTW.  The Court additionally finds that the $100.00 hourly rate charged by Varderver is reasonable based on his level of experience.  The Detail Transaction File List, however, also includes billing entries for individuals identified by the initials "SB", "WR", and "KDS".  Again, the Court was not provided any information regarding who is represented by these initials, the job titles of these individuals, or the length of time they have worked in their respective positions.  Without such information, the Court cannot determine whether the hourly rate charged by "SB", "WR", or "KDS" is reasonable in this case and, therefore, the Court cannot award fees based on these billing entries at this time.

Second, it is clear from the Detail Transaction File List that some of the attorneys' fees sought by MTW cannot be recovered from Great Western.  The Note entered by the parties makes clear

that Great Western, as the Borrower under that Note, "agree[d] to pay any and all reasonable fees and costs, including, but not limited to fees and costs of attorneys, ... which are incurred by [MTW] in collecting any amount due or enforcing any right or remedy under the Note."  See Mot. for Default J., Ex. A., ¶ 10.  Thus, under the Note, MTW is clearly entitled to recover the attorneys' fees and costs it incurred in bringing this case against Great Western.

It appears, however, that MTW is also seeking to recover the attorneys' fees and costs it incurred in bringing this lawsuit against Defendant Dwight Jenkins.  See e.g. Supplemental Mots., Ex. A. (showing that .50 hours were billed on October 29, 2007, and over 1.30 hours were billed on November 1, 2007, attempting to locate Dwight Jenkins).  Under the Note, however, Great Western is not liable for any attorneys' fees or costs incurred in litigating the claims against Dwight Jenkins.  Accordingly, the Court finds that MTW cannot recover the attorneys' fees and costs it incurred in bringing this lawsuit against Dwight Jenkins from Great Western.

For the foregoing reasons:

IT IS THEREFORE ORDERED that the Supplemental Motions for Attorneys' Fees and Costs [Docket Nos. 10 and 11] are hereby denied without prejudice.

IT IS FURTHER ORDERED that if MTW Investment Financing, LLC, intends to pursue its claim for attorneys' fees incurred in this

action, it must further supplement its motion in the manner outlined above on or before February 1, 2008.  No further supplementation will be permitted.

SO ORDERED this the 24th day of January, 2008.

s/ William H. Barbour, Jr.
UNITED STATES DISTRICT JUDGE
