```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                    JACKSON DIVISION
```

**MTW INVESTMENT FINANCING, LLC**                                **PLAINTIFF**

VS.                              CIVIL ACTION NO. 3:07-cv-611-WHB-LRA

**GREAT WESTERN CAPITAL CORPORATION OF**
**THE AMERICA'S, INC., and DWIGHT JENKINS**                     **DEFENDANTS**

## OPINION AND ORDER

This cause is before the Court on the Second Supplemental Motion of Plaintiff, MTW Investment Financing, LLC, for Attorneys' Fees and Costs. Also before the Court is the Motion of MTW for Additional Time to Serve Summons and Complaint. For the following reasons, the Court finds that both motions should be granted.

### I. Discussion

**A. Second Supplemental Motion of Plaintiff, MTW Investment Financing, LLC, for Attorneys' Fees and Costs**

On December 12, 2007, this Court entered an Opinion and Order finding that Plaintiff, MTW Investment Financing, LLC, ("MTW") was entitled to a default judgment against Defendant, Great Western Capital Corporation of the America's, Inc. ("Great Western"). The Court additionally found that MTW was entitled to attorneys' fees and costs under the terms of the Commercial Flat Rate Promissory Note entered between these parties. The Court, however, was unable to award attorneys' fees or costs at that time because it was not

provided any documentation evidencing the number of hours worked in this case or the rate at which those hours were billed.  On January 24, 2008, the Court again declined to award attorneys' fees and costs because of deficiencies in the supplemental motions filed by MTW.  See Opinion and Order [Docket No. 14].  As permitted by the January 24, 2008, Opinion and Order of the Court, MTW has now filed a Second Supplemental Motion for Attorneys' Fees and Costs.

>The United States Supreme Court has found:

>The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.  This calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services.  The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed.  Where the documentation of hours is inadequate, the district court may reduce the award accordingly.

Hensley v. Eckerhart, 461 U.S. 424, 432 (1983).  See also Watkins v. Fordice, 7 F.3d 453, 457 (5th Cir. 1993) ("To determine the [attorneys' fees] award amount, the court must first calculate the "lodestar" by multiplying the number of hours reasonably spent on the litigation times a reasonable hourly billing rate.").

In support of its request for attorneys' fees, MTW submitted a Detail Transaction File List ("List") that provides, *inter alia*, the initials of the individuals who worked on this case, the number of hours worked, the rate at which the work was billed, and a brief description of the work performed.  See Second Supplemental Mot. for Attorneys' Fees and Costs, Ex. A.  According to counsel for

MTW, certain entries in the List "were either removed or reduced" when calculating the amount of fees requested through the subject Motion.  See id. at ¶ 3.  The List, however, was not redacted or otherwise amended to show which entries had been removed or reduced, or the amount in reduction.  After reviewing the List, the Court finds that the number of hours reasonably spent on the litigation against Great Western is as follows:

| | |
|---|---|
| Clint D. Vanderver | 12.3 hours |
| Kelly D. Simpkins | .2 hours |
| Willie Rainer | .5 hours |
| Stephanie Bates | .1 hours |

In support of the rate at which these hours were billed, MTW submitted a Declaration of one of its attorneys detailing the level of experience of each of the above referenced individuals.  According to the Declaration:

Clint D. Vanderver is an attorney who was admitted to the practice of law in 2005.  The Court finds that the $100.00/hour rate claimed by Vanderver is reasonable.

Kelly D. Simpkins is an attorney who was admitted to the practice of law in 1991.  The Court finds that the $200.00/hour rate claimed by Simpkins is reasonable.

Willie Rainer is a paralegal with over twenty-five years of experience.  The Court finds that the $95.00/hour rate claimed by Rainer is reasonable.

Stephanie Bates is a paralegal with over ten years of experience. The Court finds that the $75.00/hour rate claimed by Bates is reasonable.

Multiplying the reasonable number of hours worked in this case by the reasonable hourly rate, the Court finds that MTW is entitled to recover attorneys' fees against Great Western as follows:

|  | Hours Worked | Rate | Fees Awarded |
|---|---|---|---|
| Vanderver: | 12.3 hours | $100.00/hour | $1,230.00 |
| Simpkins: | .2 hours | $200.00/hour | $   40.00 |
| Rainer: | .5 hours | $ 95.00/hour | $   47.50 |
| Bates: | .1 hours | $ 75.00/hour | $    7.50 |
|  |  | Total | $1,325.00 |

Accordingly, the Court will award MTW $1,325.00 in attorneys' fees against Great Western.

MTW has also moved for costs in the amount of $460.34, which the Court finds is reasonable. Accordingly, the Court will award MTW $460.34 in costs against Great Western.

In sum, the Court finds that the Second Supplemental Motion of MTW for Attorneys' Fees and Costs should be granted, and that MTW should be awarded $1,325.00 in attorneys' fees and $460.34 in costs against Great Western. In accordance with Rule 54(c) of the Federal Rules of Civil Procedure, a Default Judgment in favor of MTW against Great Western shall be entered this day. The claims of MTW against Defendant Dwight Jenkins shall remain for trial.

B.  **Motion of MTW for Additional Time to Serve Summons and Complaint**

MTW has filed a motion seeking additional time in which to serve Defendant Dwight Jenkins ("Jenkins") with a summons and copy of the Complaint.  In support of this Motion, MTW submitted an Affidavit of one of its attorneys, who avers, *inter alia*:

> MTW has diligently sought to locate Jenkins to serve process on him but has been unable to locate him.  MTW identified possible addresses in Massachusetts, but none remain operative.  MTW retained a process server in Massachusetts in order to effect service of process, but the process server was unable to locate Jenkins as well.
>
> MTW is still investigating to determine a current address for Jenkins.
>
> MTW has worked diligently to locate Jenkins but has simply been unable to find him.  MTW has not acted in a dilatory fashion or delayed in attempting to serve Jenkins....

See Mot. for Additional Time to Serve Summons and Complaint [Docket No. 17], Ex. A (Vanderver Affidavit), at ¶¶ 3-5.

Under Rule 4 of the Federal Rules of Civil Procedure, if a plaintiff shows good cause for the failure to serve a defendant within 120 days of the date on which the complaint is filed, "the court must extend the time for service for an appropriate period." FED. R. CIV. P. 4(m).  The United States Court of Appeals for the Fifth Circuit has held that "good cause" under Rule 4(m) requires

> **at least** as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice, and some showing of "good faith on the part of the party seeking an enlargement **and** some reasonable basis for noncompliance within the time specified" is normally required.

5

Lambert v. United States, 44 F.3d 296, 299 (5th Cir 1995) (quoting Winters v. Teledyne Movible Offshore, Inc., 776 F.2d 1304, 1306 (5th Cir. 1985)).  The Court finds that MTW has demonstrated good faith in attempting to serve Jenkins, and has provided a reasonable explanation for its failure to serve him within the 120-day period prescribed by the Federal Rules of Civil Procedure.  Accordingly, the Court finds that the motion of MTW for additional time to perfect service should be granted.

## II.  Conclusion

For the foregoing reasons:

IT IS THEREFORE ORDERED that the Second Supplemental Motion of Plaintiff for Attorneys' Fees and Costs [Docket Nos. 15 and 16] is hereby granted.  Plaintiff, MTW Investment Financing, LLC, is hereby awarded $1,325.00 in attorneys' fees and $460.34 in costs against Defendant, Great Western Capital Corporation of the America's, Inc.

IT IS FURTHER ORDERED that a Default Judgment in favor of MTW Investment Financing, LLC, shall be entered this day against Great Western Capital Corporation of the America's, Inc.

IT IS FURTHER ORDERED that the claims of MTW Investment Financing, LLC, against Defendant Dwight Jenkins shall remain for trial.

IT IS FURTHER ORDERED that the Motion of MTW Investment Financing, LLC, for Additional Time to Serve Summons and Complaint [Docket No. 17] is hereby granted.  MTW Investment Financing, LLC, shall be granted additional time, up to and including June 13, 2008, in which to properly serve Defendant Dwight Jenkins in this matter.

SO ORDERED this the 14th day of March, 2008.

s/ William H. Barbour, Jr.<br>UNITED STATES DISTRICT JUDGE